# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CALVIN THOMPSON,** ) | **CASE NO. 1:17 CV 1588** |
| ) | |
| **Plaintiff,** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **CUYAHOGA COUNTY** ) | |
| **SHERIFF'S DEPARTMENT,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

Defendants' Motion to Dismiss Complaint under Federal Civil Procedure Rule 12(b)(6) (Doc. No. 6) is before the Court. *Pro se* Plaintiff Calvin Thompson filed the above-captioned action under 42 U.S.C. §§ 1981 and 1983, 18 U.S.C. §§ 241 and 242, and "373 U.S.C. 83" against the Cuyahoga County Sheriff's Department, former Cuyahoga County Jail Associate Warden Alfred Wilcox, Cuyahoga County Assistant Prosecutor Denise Cameron, and Cuyahoga County Narcotics Division Chief Sale Smith. In the Complaint, he challenges his 1995 arrest and conviction for drug trafficking and bringing contraband into the Cuyahoga County Jail, where he was employed as a corrections officer. Defendants contend Plaintiff filed a previous action in this Court against these same Defendants pertaining to the same incident and this action is barred by *res judicata*. They further assert it is time-barred, § 1981 claims cannot be asserted against state actors, convictions cannot be challenged under § 1983, the Sheriff's Department is not *sui juris*, and the prosecutor is immune from suit. For the reasons stated below, the Motion (Doc. No. 6) is granted, and this action is dismissed.

**Factual and Procedural Background**

Plaintiff indicates he was employed as a corrections officer in the Cuyahoga County Jail in 1995. He states an inmate at the jail offered him money to bring marijuana cigarettes to him in the jail, but Plaintiff refused the offer. He contends the inmate's girlfriend then began putting pressure on Plaintiff to bring marijuana into the jail for the inmate. He states he finally acquiesced to her demands and brought several marijuana cigarettes into the jail. When he gave them to the inmate, he was arrested. He later learned the inmate was acting as a jail informant.

Plaintiff states he was placed in a single cell, in full view of his former colleagues. He states he cried for hours until he was released on bond. He was convicted in 1995 on charges of trafficking in drugs, and bringing contraband property into a detention facility. He served his sentence and paid all of his court costs. His conviction was expunged in 2008.

Plaintiff has now filed this action to contest the actions which led to his conviction twenty-two years ago. He alleges he was entrapped by the Defendants to do something he would not otherwise have done. He alleges that Caucasian officers who smuggled drugs to inmates were not treated as harshly as he was treated. He indicates the Defendants embarrassed and humiliated him by placing him in a cell where he could be seen by other corrections officers. He asserts claims for entrapment, malicious prosecution, intentional infliction of emotional distress, violation of Fourth Amendment rights, denial of due process and denial of equal protection.

This is the second case Plaintiff filed this year against the Cuyahoga County Sheriff's Office, Wilcox, and Cameron, asserting the same claims, to contest his 1995 arrest and conviction. That action, *Thompson v. Cuyahoga Cty Sheriff's Dept.*, No. 1:17 CV 126 (N.D. Ohio May 9, 2017)(Gwin, J.) was dismissed as clearly time-barred and for failing to state a claim upon which

relief could be granted. Plaintiff did not appeal that judgment, but instead, filed this action, adding Madigan as a Defendant.

**Standard of Review**

A Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a Defendant to test the legal sufficiency of the Complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a Motion to Dismiss, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the Plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a Motion to Dismiss, a Complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06–3823, 2007 WL 2768285, at *2 (6th Cir. Sept.25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)"). Accordingly, the claims set forth in a Complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 564; *Iqbal*, 556 U.S. at 677-78.

On a Motion brought under Rule 12(b)(6), the Court's inquiry is limited to the content of the Complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**Discussion**

This action is barred by the doctrine of *res judicata*. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff already brought an action based on the same operative facts and raising the same claims as he asserts in this case. He is barred from litigating this matter for a second time.

Furthermore, this action is still subject to dismissal for the reasons stated by United States District Judge James S. Gwin when he dismissed the first case. The two-year statute of limitations for bringing an action under 42 U.S.C. §§ 1981 and 1983 has expired. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995); See *Tolbert v. State of Ohio Dept. of Transportation*, 172 F.3d 934 (6th Cir.1999). Plaintiff cannot bring claims under 18 U.S.C. §§ 241

and 242, as they are criminal statutes that do not provide a private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). The remaining claims are state law claims, and having dismissed all federal law claims, the Court no longer has supplemental jurisdiction to consider purely state law matters. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

## Conclusion

Accordingly, Defendants' Motion to Dismiss (Doc. No. 6) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/Donald C. Nugent  
DONALD C. NUGENT  
UNITED STATES DISTRICT JUDGE

Dated: _October 11, 2017__

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.